IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | |
| | ) | No. 35961-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOK M. GUT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Thok M. Gut appeals from the judgment and sentence imposed for his Benton County convictions of felony driving while under the influence and driving while license suspended in the third degree. His sole contention is that recent caselaw requires striking of the $200 criminal filing fee that the court assessed as a legal financial obligation (LFO). We remand for the court to strike the criminal filing fee.

In light of the limited issue raised, the facts leading to the convictions are unimportant to the appeal. After a jury found Mr. Gut guilty of the crimes, the court

imposed an overall 13-month sentence. The court found Mr. Gut indigent and imposed

LFOs, including a $500 victim assessment and a $200 filing fee. Mr. Gut's DUI

conviction being his first felony offense, the court also imposed a mandatory $100

deoxyribonucleic acid (DNA) collection fee. Mr. Gut appealed the entire judgment and

sentence.

Mr. Gut's sole contention on appeal is that the $200 criminal filing fee must be

struck from his judgment and sentence based on *State v. Ramirez*, 191 Wn.2d 732, 426

P.3d 714 (2018). The State concedes this point, and we agree.

House Bill 1783, which became effective June 7, 2018, prohibits trial courts from

imposing discretionary LFOs on defendants who are indigent at the time of sentencing.

LAWS OF 2018, ch. 269, § 6(3); *Ramirez*, 191 Wn.2d at 745-47. Among the changes was

an amendment to former RCW 36.18.020(2)(h) (2015), to prohibit the imposition of the

$200 criminal filing fee on indigent defendants. LAWS OF 2018, ch. 269, § 17(2)(h).

As held in *Ramirez*, the changes to the criminal filing fee statute apply prospectively to

cases pending on direct appeal prior to June 7, 2018. *Ramirez*, 191 Wn.2d at 747.

Accordingly, the change in law applies to Mr. Gut's case. Because Mr. Gut was indigent

in the trial court and is still indigent on appeal, the $200 criminal filing fee should be

struck pursuant to *Ramirez*.

No. 35961-1-III
*State v. Gut*

The judgment of conviction is affirmed, but the matter is remanded to strike the

$200 filing fee from the judgment and sentence.[1]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

---

[1] This obviates the State's additional motion under RAP 18.9(c)(2) to dismiss the appeal as moot and remand to strike the filing fee.

3